THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 1:18-cv-00521-RBJ

ROBERT WAGNER,

    Plaintiff,

v.

LTF CLUB OPERATIONS COMPANY, INC. d/b/a LIFE TIME FITNESS,

    Defendant.

# ORDER

This order addresses defendant's motion for summary judgment. ECF No. 23. For the reasons below, the motion is GRANTED.

## BACKGROUND

Robert Wagner asserts a premises liability claim against the corporation that has done business as Life Time Fitness ("Life Time"). Compl., ECF No. 1 at ¶¶9–14. Life Time operates health and fitness clubs throughout the United States. Def.'s Mot. Summ. J., ECF No. 23 at ¶1. Upon becoming a member of Life Time, Mr. Wagner signed Life Time's Member Usage Agreement ("Agreement"), which contained both "Waiver of Liability" and "Assumption of Risk" provisions. Def.'s Mot. Summ. J., ECF No. 23 at ¶¶4–5. Mr. Wagner alleges that he was injured at a Life Time facility in Westminster, Colorado when he stepped onto a treadmill that was already in motion. Compl., ECF No. 1 at ¶7.

1

**STANDARD OF REVIEW**

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court will examine the factual record and make reasonable inferences therefrom in the light most favorable to the nonmoving party. *Concrete Works of Colorado, Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

**CONCLUSIONS**

A. **Exculpatory Clause.**

The sufficiency and enforceability of an exculpatory clause is a question of law for the court. *See Jones v. Dressel*, 623 P.2d 370, 375 (Colo. 1981). The Colorado Supreme Court in *Jones* articulated four factors to use in determining whether an exculpatory clause is valid: "(1) the existence of a duty to the public; (2) the nature of the service performed; (3) whether the contract was fairly entered into; and (4) whether the intention of the parties is expressed in clear and unambiguous language." *Id*. at 376.

The parties agree that the first three factors are satisfied here. And that makes sense. Embedded in the first two *Jones* factors is a question of policy—namely, whether the ubiquity

and consequence of the service at issue generates an additional duty to the public. Recreational facilities are not essential public services and owe no special duty to the public, and thus the first two *Jones* factors are satisfied. *See Espinoza v. Arkansas Valley Adventures, LLC*, 809 F.3d 1150, 1153 (10th Cir. 2016). Furthermore, the parties agree that the contract was fairly entered into, and that the exculpatory agreement meets the third *Jones* factor. However, the parties dispute the fourth element.

Thus, I must decide whether the exculpatory intention of the parties is expressed in clear and unambiguous language in their agreement. Here, I find that Life Time's Agreement contains clear language indicating its intent to disclaim liability for its negligence. ECF No. 23-2, Ex. B. In bold, underlined, and capitalized text, the Agreement states that it is a "waiver of liability." *Id*. at 2. In boldface font, the Agreement explains that the signer "agree[s] not to sue Life Time for, and waive, any claims . . . for any Injuries to [him or her] . . . which arise out of, result from, or are caused by any Ordinary NEGLIGENCE OF LIFE TIME." *Id*. The next paragraph contains a detailed definition of negligence to provide the user a description of what sort of liability Life Time was disclaiming:

> Negligence Claims include but are not limited to Life Time's (1) negligent design, construction . . ., repair, maintenance, operation, supervision, monitoring, or provision of Life Time Premises and Services; (2) negligent failure to warn of or remove a hazardous, unsafe, dangerous or defective condition; (3) negligent failure to provide or keep premises in a reasonably safe condition . . . .

*Id.*

I find that the terms of the Agreement are clear, and that the unambiguous intent of the parties was to relieve Life Time from liability for its ordinary negligence in operating its fitness

club.¹ Thus, defendant has satisfied all four *Jones* elements, making the Agreement both sufficient and valid as a matter of law.

**B. Rule 56(d).**

Mr. Wagner asks the Court to defer consideration on the summary judgment motion under Fed. R. Civ. P. 56(d). Life Time submitted its motion before the discovery period had concluded, and Mr. Wagner feels that he is disadvantaged because he lacks full opportunity to discover evidence that might help him rebuff Life Time's motion. Pl.'s Resp. to Def.'s Mot. Summ. J., ECF No. 24 at 4. Mr. Wagner's attorney attests in a sworn affidavit that "Plaintiff anticipates obtaining evidence relating to Defendant's notice, policies and procedures, witness identification, and other evidence relevant to oppose Defendant's Motion for Summary Judgment." Hawkins Aff., ECF No. 24-6 at ¶16.

The decision to defer consideration of a motion under Rule 56(d) is firmly within the discretion of the district court. *See Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984). In general, an invocation of Rule 56(d) "should be liberally treated." *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). A motion for summary judgment "should be refused where the nonmoving party has not had the opportunity to

---

¹ Mr. Wagner submitted two improper filings in response to Life Time's motion for summary judgment. After filing a proper response on August 10, 2018 Mr. Wagner filed a surreply without leave from the Court on August 31, 2018. ECF No. 27. Then, over one hundred days after the deadline for a response to the motion for summary judgment, Mr. Wagner filed another response with the Court on December 10, 2018. ECF No. 31. This second response contained more-substantive objections to the validity of the Agreement. In it, Mr. Wagner relied on *Stone v. Life Time Fitness, Inc.* to suggest that the text of the Agreement was too small and contained too much legal jargon to be valid. 411 P.3d 225, 229 (Colo. App. 2017). Per D.C.COLO.LCivR 7.1(d), I need not consider the arguments advanced in this improper filing. However, even full consideration of Mr. Wagner's arguments fails to sway my opinion. *Stone* can be distinguished from the present case because the plaintiff's injury there was very different than the sorts of injuries contemplated in Life Time's exculpatory agreement. *Id.* at 227, 230 (noting that "the dominant focus of the Agreement is on the risks of strenuous exercise and use of exercise equipment at the fitness center" while the plaintiff was injured using a locker room sink). Additionally, the Tenth Circuit has consistently affirmed summary judgment for defendants based on exculpatory clauses containing similar jargon, *see Brigance v. Vail Summit Resorts, Inc.*, 883 F.3d 1243, 1256 (10th Cir. 2018), and even smaller font. *See Raup v. Vail Summit Resorts, Inc.*, 734 F. App'x 543, 553 (10th Cir. 2018) (unpublished).

4

discover information that is essential to his opposition." *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1235 (10th Cir. 2007). However, courts will not give the nonmoving party complete freedom to delay or obstruct the judicial machinery based on vague assertions. Rather, the party must "identify[] (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (internal quotations omitted).

In his affidavit, plaintiff's counsel made only one claim asserting that he expects to obtain "relevant" evidence through the discovery process. This claim is insufficient for two related reasons. First, plaintiff's counsel failed to "*identify* the probable facts" to which Mr. Wagner lacked access. *Id*. (emphasis added). Counsel instead provided a vague list of the general classes of evidence that he may investigate in discovery—suggesting that he would examine Life Time's policies and procedures, or search for witnesses to corroborate Mr. Wagner's claim. To be entitled to relief under Rule 56(d), the affidavit "must do more than simply allege that discovery has not been completed, or that specific facts are unavailable to the affiant. Instead . . . the affiant should identify the specific facts sought to be obtained." *Vinton v. Adam Aircraft Indus., Inc.*, 232 F.R.D. 650, 656 (D. Colo. 2005).

Second, plaintiff failed to explain why the facts that Mr. Wagner seeks in discovery would help him rebut the motion for summary judgment. Life Time relies on the validity and applicability of its exculpatory agreement to support its motion for summary judgment, and plaintiff provides no connection between the evidence that he seeks and the enforceability of the Agreement. If the Agreement (1) is valid and (2) encompasses Life Time's conduct towards Mr.

5

Wagner, then there is no genuine issue of fact—Life Time is relieved of liability, and plaintiff has waived his ability to make a claim. Plaintiff does not identify how the information he seeks could undercut either the validity or applicability of the Agreement.[2] The generalities recited in Mr. Hawkins's affidavit fail to "explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact." *Comm. for First Amendment*, 962 F.2d at 1522; *see also Valley Forge*, 616 F.3d at 1096.

In the Tenth Circuit, courts will not allow one party's "fishing expedition" to delay judgment on another party's valid motion. *Lewis v. City of Ft. Collins,* 903 F.2d 752, 759 (10th Cir. 1990). "[S]ummary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence that might tend to support a complaint." *Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 537 (10th Cir. 1987) (internal quotations omitted). A request for relief under Rule 56(d) requires an accompanying affidavit that outlines "probable facts" with some degree of specificity. *Compare E.E.O.C. v. Moreland Auto Grp., LLLP*, 283 F.R.D. 627, 630 (D. Colo. 2012) (granting Rule 56(d) relief where a party enumerated specific facts and articulated the link between the probable facts and the party's legal argument) *with Moody v.*

---

[2] In his improperly filed surreply, plaintiff attempted to connect the dots. *See* ECF No. 27. Plaintiff argued that additional discovery would show that Life Time's actions rose above ordinary negligence, instead constituting wanton and willful conduct that led to his injury. *Id.* at 2–3. Because the waiver only disclaims ordinary negligence, plaintiff asserts that the Agreement would not immunize Life Time from liability for its wanton and willful conduct. *Id*.

I do not consider the arguments put forth in this surreply for two reasons. First, the surreply was filed improperly and without leave from the Court. Second, the Tenth Circuit has made clear that only claims which are embodied in sworn affidavits shall be considered determining whether relief is merited under Rule 56(d). Unverified statements made by counsel in memoranda to the Court are not adequate substitutes. *See Comm. for First Amendment*, 962 F.2d at 1522 ("[C]ounsel's unverified assertion in a memorandum opposing summary judgment does not comply with Rule 56[(d)] and results in a waiver."); *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017) ("The . . . summary judgment response arguably contains the information required in Rule 56(d). But we may not look beyond the affidavit in considering a Rule 56(d) request."). Plaintiff's failure to include these new claims in an additional affidavit precludes the Court from analyzing them in its Rule 56(d) determination. Perhaps plaintiff agrees; the claims were absent from his subsequent filings. *See* ECF No. 31.

*FMS, Inc.,* No. 12-CV-03009-MSK-MJW, 2014 WL 334801, at *2 (D. Colo. Jan. 30, 2014) (denying Rule 56(d) relief where party identified deposition as the source of potential evidence but did not identify probable facts with specificity). Mr. Wagner's response failed to adequately (1) identify these probable facts or (2) draw a link between undiscovered facts and Life Time's claim of no genuine issue of fact. Therefore, Mr. Wagner fails to persuade the Court that Rule 56(d) relief is proper. *See Valley Forge*, 616 F.3d at 1096.

### ORDER

(1) For the reasons above, defendant's motion for summary judgment [ECF No. 23] is GRANTED.

(2) As the prevailing parties, defendants are awarded costs to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this day 4th day of February, 2019.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge